NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
DESMOND WITHERSPOON,                        :
                                            :   Civil Action No. 14-6517 (SRC)
             Plaintiff,                     :
                                            :
                                            :
        v.                                  :   OPINION
                                            :
                                            :
SGT. OF NEW JERSEY TRANSIT POLICE,          :
                                            :
             Defendant.                     :
_____ :

**CHESLER, District Judge**

  **THIS MATTER** comes before the Court on its own motion to dismiss the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because pro se Plaintiff Desmond Witherspoon has applied to proceed *in forma pauperis*, § 1915 authorizes this Court, on its own motion, to dismiss a complaint which fails to state any valid claim for relief.

  As stated, § 1915 authorizes this Court, on its own motion, to dismiss a complaint which fails to state any valid claim for relief. This requires examination of the Complaint to determine whether it is valid under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) requires that a Complaint articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

The Complaint does not state any valid claim for relief, as it does not appear to assert in any coherent form either a claim or any facts which could be the basis for a claim against the named defendant.  It does not contain a short and plain statement of the basis for jurisdiction, as required by Federal Rule of Civil Procedure 8(a).  The statement of the claim contains only a few conclusory words, such as "Harassment."  No facts have been pled.  This Court cannot discern from the Complaint any facts to make plausible a legally valid claim for relief.  As such, the Complaint will be dismissed without prejudice.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.